WOLF, J.
Miriam Tipton (claimant) appeals from a final order of the Judge of Compensation Claims (JCC) determining the claimant is not entitled to attorney’s fees. We determine that the JCC’s factual findings were supported by competent substantial evidence and that his legal conclusion was correct. We, therefore, affirm.
The following factual recitation comes from the JCC’s order:
2. On November 11, 1996, the captioned Claimant, Miriam Tipton ... suffered a compensable accident by injury arising out of and within the course and scope of the Claimant’s employment with [appellee,] Employer. The Claimant came under the care and treatment of Dr. Michael Rohan, M.D., an orthopedic surgeon. Dr. Rohan was the Claimant’s authorized treating physician. The Claimant treated with Dr. Rohan for some time and then there was a hiatus in her treatment sometime in 2001 according to the depositional testimony of Rasha Youssef, the claims adjuster. Although, there is no evidence that Dr. Rohan was ever de-authorized by the Employer/Carrier, the doctor’s office incorrectly would not allow the Claimant to see the doctor when she attempted to make an appointment in the Fall of 2003. The Claimant retained legal counsel and filed two Petitions for Benefits (PFB). The first PFB dated October 1, 2003 was filed on October 6, 2003 and it requested an “[o]rthopedic surgeon based on the previously authorized physician (Dr. Rohan) has advised that he is *49 no longer authorized to evaluate or treat the claimant.” ... On October 8, 2003, two days after the filing of the first PFB, counsel for the Employer/Carrier [E/C] ... furnished a correspondence by facsimile transmission to counsel for the Claimant advising counsel that if the Claimant “wishes to continue to treat with Dr. Rohan, he is willing to provide ongoing treatment. Please have your client contact Dr. Rohan and schedule an [sic] appointment at her convenience. If there are problems with the scheduling of an appointment, please let me knoiv.” Furthermore, by separate correspondence Mr. DuBois advised and provided Dr. Rohan with written confirmation of the Carrier’s authorization to continue to treat the Claimant. The continued authorization of Dr. Rohan was clear and unambiguous. At the final hearing, the Claimant testified that on two occasions thereafter she attempted to schedule an appointment with Dr. Rohan’s office but was unable to secure such an appointment from the doctor’s office. There is no evidence indicating that either the Claimant or her attorney requested the Carrier or their counsel to schedule an [sic] appointment for her after she again experienced difficulty setting an office visit. There is also no evidence indicating that the Carrier was aware that Claimant was having difficulty setting an appointment. [Rather than contacting the E/C, claimant filed a petition for benefits.] There was no showing by the Claimant that Dr. Rohan “no longer was authorized to evaluate or treat the Claimant” as alleged in her PFB.
The JCC further found,
At no time was there any resistance by the Employer/Carrier to the continuation of authorization of Dr. Rohan as the Claimant’s treating physician and that was stated in the abbreviated final order. The problems with the scheduling an appointment for the Claimant with Dr. Rohan was caused by the doctor’s office and not any action of the Employer/Carrier. Nor was there any evidence that the Claimant specifically requested the Carrier to schedule an appointment for her.
Based upon these facts, the JCC reached the following conclusion:
5. I find that although the Abbreviated Final Order of June 29, 2004 required the Employer/Carrier to “further clarify the authorization of Dr. Rohan, M.D., so that said physician’s office will schedule appropriate medical appointments for the Claimant” there was no award of any new benefit consisting of another orthopedic surgeon or primary care physician as claimed in her PFBs. The order held that the Carrier had authorized care with Dr. Rohan. The order requested the Carrier to again “clarify”[1] the doctor’s authorization in an effort to avoid further delay in scheduling an appointment for the Claimant.
6. After considering the evidence and testimony presented in this cause, I find that if the Claimant, or her counsel, had clearly communicated their desire to have the Carrier schedule an appointment, this matter could have been amicably resolved without the protracted litigation and expense that took place here. In conclusion, I find the Claimant was not successful in securing any medical benefit that she claimed or that was not already being provided to her by the *50 Employer/Carrier, and that the abbreviated final order only resulted in an administrative directive to the Carrier to contact Dr. Rohan and again clarify his continued authorization to treat the Claimant. Therefore, based on the above I must find no entitlement to an award of an attorney’s fee or reimbursable taxable costs under section 440.34(3)(a), Florida Statutes, permitting fees be paid by the Employer/Carrier against whom Claimant successfully asserts claim for medical benefits.
We cannot improve on the well-reasoned order of the JCC. AFFIRMED.
DAVIS, J., Concurs; ERVIN, J., Dissents with Opinion.

. “To malee clear; to free of confusion; to make understandable” Webster’s Ninth New Collegiate Dictionary, p. 245.